UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEREMIAH J. MELCHOR,

      Plaintiff,

v.                                 Case No.: 8:25-cv-03131

BOHEMIOS WINE & BEER ST PETE LLC,
and RONALDO ZELEDON, individually,

      Defendants.

_____/

## COMPLAINT AND JURY DEMAND

    Plaintiff, Jeremiah J. Melchor, by and through undersigned counsel, sues Defendants, Bohemios Wine & Beer St. Pete, LLC., and Ronald Zeledon, and alleges as follows:

### NATURE OF ACTION

1. This is a civil action for unpaid minimum wages and overtime compensation under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and the Florida Minimum Wage Act, Florida Constitution Article X, § 24, and Fla. Stat. § 448.110 ("FMWA").

2. Plaintiff seeks unpaid minimum wages, unpaid overtime compensation, liquidated damages, prejudgment interest, costs, and attorneys' fees.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b).

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they form part of the same case or controversy as Plaintiff's FLSA claims.

5.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

6.  Plaintiff, Jeremiah J. Melchor, is an individual who resides in Florida and was employed by Defendants from approximately June 2024 through August 2, 2025.

7.  Defendant, Bohemios Wine & Beer St. Pete, LLC ("Bohemios" or the "Company"), is a Florida limited liability company that operates a tapas bar and restaurant located in St. Petersburg, Florida.

8.  At all times relevant to this Complaint, Bohemios has been and continues to be an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and (s).

9.  At all times relevant to this Complaint, Bohemios has had gross revenues in excess of $500,000 per year.

10. Defendant, RONALDO ZELEDON, ("Zeledon") is an individual who, at all times relevant to this Complaint, was the majority member, manager, and operator of Bohemios.

11. At all times relevant to this Complaint, Zeledon was an employer of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

12. At all times relevant to this Complaint, Zeledon exercised operational control over Bohemios and had the power to hire and fire employees, determine their rates and methods of payment, maintain employment records, and control employee work schedules and conditions of employment.

13. At all times relevant to this Complaint, Zeledon was an employer individually liable under the FLSA for violations committed against Plaintiff.

14. At all times relevant to this Complaint, Defendants acted jointly and severally as Plaintiff's employers within the meaning of 29 U.S.C. § 203(d) and Fla. Stat. § 448.110(4).

## FACTUAL ALLEGATIONS

15. From approximately June 2024 through August 2, 2025, Plaintiff was employed by Defendants at Bohemios Tapas Bar in St. Petersburg, Florida.

16. During his employment, Plaintiff worked as the Executive Chef, performing various duties as directed by Defendants, including but not limited to menu planning, food preparation, kitchen management, inventory control, and supervising kitchen staff.

17. Defendants hired Plaintiff with an annual salary of $50,000.

18. Defendants misclassified Plaintiff as an independent contractor rather than as an employee.

19. Despite this misclassification, Plaintiff was an employee of Defendants within the meaning of the FLSA and FMWA under the economic realities test.

20. Under the economic realities test, Plaintiff was economically dependent on Defendants for his livelihood and was not in business for himself.

21. Defendants exercised substantial control over Plaintiff's work, including: (a) controlling Plaintiff's work schedule and hours; (b) directing how Plaintiff performed his work; (c) requiring Plaintiff to work at Defendants' location; (d) providing all equipment, tools, and supplies necessary for Plaintiff's work; (e) integrating Plaintiff's work into Defendants' core business operations; and (f) establishing a permanent and continuous working relationship with Plaintiff.

22. Plaintiff did not have an opportunity for profit or loss through his own managerial skill, had no investment in the business, and could not hire his own employees or work for competitors.

23. Plaintiff's work as Executive Chef was integral to Defendants' business operations and required specialized skill in the culinary field.

24. Throughout his employment, Plaintiff regularly and consistently worked approximately 70 hours per week.

25. Plaintiff's work schedule consisted of approximately 40 regular hours per week and approximately 30 overtime hours per week.

26. From approximately April 20, 2025, through August 2, 2025, Defendants completely failed to pay Plaintiff any wages whatsoever for his labor.

27. During this 15-week period from April 20, 2025, through August 2, 2025, Plaintiff continued to work approximately 70 hours per week without receiving any compensation.

28. During the course of Plaintiff's employment, Defendant Zeledon would occasionally give Plaintiff checks for wages owed.

29. However, Defendant Zeledon would simultaneously instruct Plaintiff not to cash these checks, effectively rendering them worthless and leaving Plaintiff without any actual compensation.

30. As a direct result of Defendants' failure to pay Plaintiff for his work during the period from April 20, 2025, through August 2, 2025, Plaintiff became homeless and was forced to sleep in the restaurant because he could not afford housing or basic necessities.

31. Defendants were aware of Plaintiff's dire financial circumstances and homelessness, yet continued to require Plaintiff to work extensive hours without providing any compensation.

32. On or about October 2025, Plaintiff sent a written demand letter to Defendants demanding payment of unpaid wages for the period from April 20, 2025, through August 2, 2025.

33. The demand letter provided Defendants with notice of the unpaid minimum and overtime wages and a calculation showing that Plaintiff was owed $16,575.00 in minimum wages and overtime compensation based on Florida minimum wage rates. A true and accurate copy is attached hereto as Exhibit "A".

34. More than 15 calendar days have elapsed since Defendants received Plaintiff's written demand for payment pursuant to Fla. Stat. § 448.110(6).

35. To date, Defendants have failed and refused to pay Plaintiff any of the wages owed to him for the period from April 20, 2025, through August 2, 2025.

36. Defendants' failure to pay Plaintiff for his work was willful and intentional.

37. Defendants were aware of their obligations under the FLSA and FMWA to pay employees for all hours worked at the applicable minimum wage and overtime rates.

38. Defendants showed reckless disregard for the requirements of the FLSA and FMWA by misclassifying Plaintiff as an independent contractor, failing to compensate Plaintiff, issuing checks they knew would not be cashed, and allowing Plaintiff to become homeless while continuing to extract labor from him.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Unpaid Minimum Wages)
### 29 U.S.C. § 206

39. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 as if fully set forth herein.

40. At all times relevant to this Complaint, Plaintiff was an employee within the meaning of the FLSA, 29 U.S.C. § 203(e).

41. At all times relevant to this Complaint, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

42. At all times relevant to this Complaint, Defendants were engaged in interstate commerce or in the production of goods for commerce within the meaning of the FLSA.

43. The FLSA requires employers to pay employees a minimum wage for all hours worked 29 U.S.C. § 206.

44. During the relevant time period, the applicable federal minimum wage was $7.25 per hour.

45. Defendants failed to pay Plaintiff the federal minimum wage for the hours he worked.

46. Plaintiff is entitled to recover unpaid minimum wages for work performed within three years preceding the filing of this Complaint, as Defendants' violations were willful.

47. Based on approximately 70 hours per week for approximately 15 weeks, Plaintiff worked approximately 1,050 total hours.

48. Defendants owe Plaintiff at least $7,612.5 in unpaid minimum wages under the FLSA ($7.25 × 1,050 hours), less any amounts actually paid to Plaintiff, which amount shall be proven at trial.

49. Defendants' violations of the FLSA were willful within the meaning of 29 U.S.C. § 255(a).

50. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover from Defendants unpaid minimum wages, an additional equal amount as liquidated damages, prejudgment interest, costs, and reasonable attorneys' fees.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

(a) Declaring that Defendants violated the minimum wage provisions of 29 U.S.C. § 206;

(b) Awarding Plaintiff $7,612.5 in unpaid wages;

(c) Awarding Plaintiff $7,612.5 in liquidated damages;

(d) Awarding Plaintiff reasonable attorney's fees, costs, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

(e) Awarding Plaintiff post-judgment interest; and

(f) Ordering any other and further relief this Court deems just and proper.

## COUNT II
## VIOLATION OF THE FLORIDA MINIMUM WAGE ACT
### (Unpaid Minimum Wages)
### Fla. Const. Art. X, § 24; Fla. Stat. § 448.110

51. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 as if fully set forth herein.

52. This count is brought against Defendant, Bohemios Wine & Beer St. Pete, LLC only.

53. The Florida Constitution and Florida Statutes require employers to pay employees a minimum wage for all hours worked. Fla. Const. Art. X, § 24; Fla. Stat. § 448.110.

54. Defendant Bohemios failed to pay Plaintiff the Florida minimum wage for the hours he worked during the 15 weeks described above totaling 1,050 hours.

55. Defendant Bohemios' failure to pay Plaintiff minimum wages was knowing and intentional.

56. On or about October 2025, Plaintiff provided Defendant Bohemios with written notice of the unpaid wages and a demand for payment pursuant to Fla. Stat. § 448.110(6).

57. More than 15 calendar days have elapsed since Defendant Bohemios received Plaintiff's written demand for payment.

58. Defendant Bohemios has failed and refused to pay the wages owed to Plaintiff.

59. Pursuant to Fla. Stat. § 448.110(6), Plaintiff is entitled to recover from Defendant Bohemios all unpaid minimum wages plus an additional amount as liquidated damages equal to the unpaid wages, prejudgment interest, costs, and reasonable attorneys' fees.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered in his favor against Defendant, Bohemios Wine & Beer St. Pete, LLC:

(a) Declaring that Defendant, Bohemios Wine & Beer St. Pete, LLC, violated Fla Stat. § 448.110;

(b) Awarding Plaintiff $13,650 in unpaid minimum wages;

(c) Awarding Plaintiff $13,650 in liquidated damages;

(c) Awarding Plaintiff reasonable attorney's fees and costs pursuant to FlaStat. § 448.110(6)(a);

(d) Awarding Plaintiff pre-judgment interest; and

(e) Ordering any other and further relief this Court deems just and proper.

## COUNT III
## UNPAID WAGES
### (Florida Common Law)

60. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 as if fully set forth herein.

61. This count is brought against Defendant, Bohemios Wine & Beer St. Pete, LLC only.

62. Plaintiff performed substantial work and labor for Defendant Bohemios as Executive Chef from during the final fifteen weeks of his employment.

63. Plaintiff's work and labor were performed at the request and for the benefit of Defendant Bohemios.

64. Defendant Bohemios accepted and retained the benefits of Plaintiff's work and labor.

8

65. Plaintiff and Defendant agreed Plaintiff would be paid $14,423.1 during the relevant period.

66. Defendant Bohemios failed and refused to pay Plaintiff the reasonable value of his work and labor.

67. As a result of Defendant Bohemios' failure to pay for Plaintiff's work and labor, Plaintiff has been damaged in an amount to be proven at trial.

68. Plaintiff is entitled to recover from Defendant Bohemios the reasonable value of his services, prejudgment interest, attorneys' fees pursuant to Fla. Stat. § 448.08., costs, and such other relief as the Court deems just and proper.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered in his favor against Defendant, Bohemios Wine & Beer St. Pete, LLC:

(a) Awarding Plaintiff $14,423.1 in unpaid salary;

(c) Awarding Plaintiff attorneys' fees pursuant to Fla. Stat. § 448.08;

(d) Awarding Plaintiff pre-judgment interest; and

(e) Ordering any other and further relief this Court deems just and proper.

## COUNT IV
## BREACH OF CONTRACT
### (In the Alternative)

69. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 as if fully set forth herein.

70. This count is pleaded in the alternative to Counts I through IV.

71. This count is brought against Defendant Bohemios Wine & Beer St Pete LLC only.

72. To the extent that Plaintiff's relationship with Defendant Bohemios is determined to be that of an independent contractor rather than an employee, Plaintiff and Defendant Bohemios

entered into a contract, either express or implied, whereby Plaintiff agreed to provide services as Executive Chef in exchange for compensation.

73. Plaintiff fully performed his obligations under the contract by providing services as Executive Chef for approximately 14 months.

74. Defendant Bohemios breached the contract by failing to pay Plaintiff the agreed-upon or reasonable compensation for his services during the final 15 weeks of his employment.

75. As a direct and proximate result of Defendant Bohemios' breach, Plaintiff has suffered damages including lost compensation, economic hardship, and homelessness.

76. Plaintiff is entitled to recover from Defendant Bohemios all damages resulting from the breach of contract, including the reasonable value of services rendered, prejudgment interest, costs, and such other relief as the Court deems just and proper.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered in his favor against Defendant, Bohemios Wine & Beer St. Pete, LLC, awarding Plaintiff $14,423.1 in unpaid minimum wages; Awarding Plaintiff pre-judgment interest; and ordering any other and further relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

77. Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully Submitted this 13th day of November, 2025

/s/ Frank M. Malatesta, Esq.
Frank M. Malatesta, Esq.
Florida Bar No.: 0097080
MALATESTA LAW OFFICE
871 Venetia Bay Blvd., Ste. #220
Venice, FL 34285
Telephone No.: (941) 256-3812
Fax No.: (888) 501-3865
Email Address: Frank@Malatestalawoffice.com
Attorney for Plaintiff

Exhibit "A"

**VIA ELECTRONIC MAIL**

Ronaldo, Owner/Manager

Bohemios Tapas Bar

Bohemiosstpete@gmail.com

**Subject: Final Demand for Payment of All Due and Unpaid Wages**

Dear Ronaldo,

Please consider this my final written demand for the full payment of wages owed to me for labor performed from April 20, 2025, to August 2, 2025. As you know, I worked approximately 70 hours per week at Bohemios Tapas Bar during this period and received no compensation whatsoever.

Under the Florida Minimum Wage Act (FMWA), my work entitled me to compensation at the rate of $13.00 per hour, plus an overtime rate of $19.50 per hour for each hour worked in excess of 40 per workweek.

Be advised that under Section 448.110, Florida Statutes, you are required to remit payment for all unpaid wages within 15 calendar days of receiving this demand. The table below outlines my good-faith estimate of the total wages I am owed.

| Description | Rate | Hours/Units | Subtotal |
|---|---|---|---|
| **Weekly Wage Calculation** | | | |
| Regular Wages | $13.00/hr | 40 | $520.00 |
| Overtime Wages | $19.50/hr | 30 | $585.00 |
| **Estimated Total Per Week** | | **70** | $1,105.00 |
| **Total Owed Calculation** | | | |
| Total Weeks Worked (4/20/25 – 8/2/25) | $1,105.00/week | 15 | $16,575.00 |
| **TOTAL UNPAID WAGES DUE** | | | $16,575.00 |

Please mail a check for the full amount of **$16,575.00**, payable to Jeremiah J. Melchor, to the address listed above.

Be advised that payment of these minimum wages under the FMWA strictly releases claims related to the FMWA and does not release any other claims, including but not limited to, retaliation, breach of contract, or any other potential legal or equitable claims.

Should you fail to remit the full payment within the statutorily required 15-day period, I will be forced to seek all available legal remedies to recover the wages owed, including but not limited to litigation.

Respectfully,

Jeremiah J. Melchor